UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
KATHERINE A. EULER, WILLIAM J. NELSON, JR.,
ELLEN BEDZINER, MICHAEL BEDZINER,
RICHARD A. SIGNORETTI, CURTIS M. MILLS,
MARSHALL W. BROOKS, III, LEATRICE A. CAESAR,
BARRY CAESAR, JOSEPH SCALZO, DAVID BETESH,
SHIRLEY MOY, JOE VAUGHEY, PEGGY ROGERS,
EDNA MOY, DANIEL ROARTY, AMY TORO,
YEVGENY LAYKHTMAN, JAMES TRAINOR,
JAMES GOODIE, CARMINE YODICE, ANNE ROARTY,
KATHERINE MILAM, ARTUR SIROTA,
ROBERT TORRIERI, JOSHUA REDDICK,
EDWARD JOSEPH, BRETT SERXNER,
COURTNEY CHAPPELL, TOM RANCEL,
ANTHONY FASANO, MAXINE COOPER,
MARCO CARDAZZI, EUGENE GUTMAN,
and BING LIEM,

                Plaintiffs,                **ORDER**
      - against -                            12 CV 4140 (JBW)(LB)

JETBLUE AIRWAYS CORPORATION and
CLAYTON FREDERICK OSBON,

                Defendants.
------------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiffs move to withdraw their unintended admissions with respect to question five of defendant JetBlue's notice to admit. For the reasons set forth below, plaintiffs' request is granted.

## BACKGROUND

      On January 3, 2013, Judge Weinstein referred this tort action to me to expedite discovery.[1] On January 18, 2013, JetBlue served plaintiffs its First Request for Admission. (ECF No. 54, "Pls.' Aff.", ¶ 3; ECF No. 59, "Nemsick Decl.", ¶ 3.) The request included the

---

[1] Discovery in this matter is coordinated with related matter 13-cv-269; however, this motion pertains to the parties in this action alone.

statement "Please admit that you sought no medical attention for any mental or emotional injury suffered as a result of the Incident." Plaintiffs' responses were due February 18, 2013. (Pls.' Aff., ¶ 3.) In the interim, the Court held a status conference on January 31, 2013. (ECF No. 40.) At the conference, the Court directed plaintiffs to file a status report by March 11, 2013 listing which plaintiffs are claiming physical and/or emotional damages and which are claiming lost wages, and to provide the accompanying releases for those plaintiffs claiming such damages. (Id. at 60.)

On February 20, 2013, plaintiffs' counsel emailed JetBlue to request an extension of time to respond to JetBlue's document requests and to obtain an additional copy of JetBlue's First Request for Admission. (Nemsick Decl., ¶¶ 5-6.) JetBlue emailed plaintiffs' counsel another copy the same day. (Id. at ¶ 7.) On February 27, 2013, JetBlue informed plaintiffs' counsel that it did not consent to a two-week extension of time to respond and requested that responses be sent forthwith. (Id. at ¶ 8.) While plaintiffs sent responses to JetBlue's document requests, no response was sent to the First Request for Admission. (Id. at ¶¶ 8-10; ECF No. 53, 7.) On March 11, 2013, plaintiffs filed their status report stating that four plaintiffs, Ellen Bedziner, Michael Bedziner, Joseph Scalzo and Katherine Milam ("the subject plaintiffs"), "have been treated by medical professionals due to the incident herein." (ECF No. 50.)

At a status conference held on March 18, 2013, JetBlue informed the Court that plaintiffs' March 11, 2013 letter regarding the subject plaintiffs' medical treatment contradicted plaintiffs' failure to respond to JetBlue's Request for Admission. (ECF No. 58, Tr. Mar. 18 Hr'g, 25-26.) With leave of Court, plaintiffs now move to withdraw and amend their admissions pursuant to Fed. R. Civ. P. 36(b). (ECF Nos. 52-54.) JetBlue opposes plaintiffs' motion. (ECF Nos. 59-60.)

**DISCUSSION**

Rule 36(a) provides that a request for admission shall be deemed admitted if not responded to within thirty days. Fed. R. Civ. P 36(a)(3). Nonetheless, Rule 36(b) provides that "the court may permit the withdrawal or amendment of such admission if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." As with most of the rules regarding discovery, "[t]he language of the rule is permissive. . . . [T]he decision whether to permit withdrawal remains within the sound discretion of the court." Ng v. HSBC Mortg. Corp., 07-CV-5434 (RRM) (VVP), 2011 U.S. Dist. LEXIS 88549, at *11 (E.D.N.Y. Aug. 10, 2011) (citing Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983)).[2]

Plaintiffs fulfill the first prong of this test. The admissions plaintiffs seek to withdraw and amend relate to facts central to the subject plaintiffs' claim for damages. Thus, permitting the four plaintiffs to present facts regarding their medical treatment promotes the presentation of the merits of the action. See Garden City Boxing Club, Inc. v. Rice, 04 Civ. 3100 (KNF), 2005 U.S. Dist. LEXIS 4007, at *10 (S.D.N.Y. Mar. 14, 2005) ("Permitting a party to dispute a central issue in an action may serve the presentation of the merits of an action." (citing Local Union No. 38 v. Tripodi, 913 F. Supp. 290, 294 (S.D.N.Y. 1996))). Therefore, the current motion turns on whether withdrawal and amendment of the subject plaintiffs' admissions prejudices JetBlue.

---

[2] As an initial matter, JetBlue argues that since the Court instructed plaintiffs that "[t]here's got to be good cause shown" (Tr. Mar. 18 Hr'g, 27), plaintiffs must fulfill the good cause standard of Rule 16. (ECF No. 60, "JetBlue's Opp'n", 5.) The good cause standard under Rule 16 applies to requests to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). While the Court has issued scheduling orders in this case, the orders did not include a deadline for responses to requests to admit. Therefore, my reference to the good cause standard was in error as the instant motion does not seek to modify a scheduling order. Moreover, JetBlue cites no authority to support its position that the Court may order a party to demonstrate good cause even where a rule provides a different standard. Accordingly, the Court declines to apply the good cause standard of Rule 16 and plaintiffs' motion is properly analyzed under Rule 36(b).

A party establishes prejudice by showing that it is "less able to obtain the evidence required to prove the matters which had been admitted than he would have been at the time the admission was made." Williams v. Blvd. Lines, Inc., 10 Civ. 2924 (DF), 2013 U.S. Dist. LEXIS 40843, at *25 (S.D.N.Y. Mar. 12, 2013) (quoting Manufacture Des Montres Jaguar, S.A. v. Jaguar Cars Ltd., 99 Civ. 12002 (BSJ)(FM), 2001 U.S. Dist. LEXIS 18623, at *11 (S.D.N.Y. Nov. 13, 2001)); see also Vandever v. Murphy, Case No. 3:09cv1752 (AWT), 2012 U.S. Dist. LEXIS 162534, at *6 (D. Conn. Nov. 14, 2012) ("The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses."). JetBlue argues that in light of the expedited, June 5, 2013 discovery deadline, plaintiffs' counsel's failure to timely provide medical releases for the subject plaintiffs forces JetBlue to depose the subject plaintiffs prior to reviewing their medical records. (JetBlue's Opp'n, 7.) JetBlue contends that this deprives it of the ability to "fully and effectively" depose the subject plaintiffs on their medical treatment and damages. (Id.)

Although plaintiffs' twenty-one-day delay in responding to defendant's request to admit may have inconvenienced JetBlue, the Court finds no prejudice. JetBlue fails to demonstrate that plaintiffs' delay in informing defendants that these four plaintiffs have been treated by medical professionals makes JetBlue less able to defend this action. Furthermore, "any prejudice to [defendant] can be mitigated by allowing further discovery; and it is feasible to extend the discovery deadline."[3] Prestige Global Co. v. L.A. Printex Indust., 11 Civ. 2880 (DAB)(JCF), 2012 U.S. Dist. LEXIS 63550, at *5 (S.D.N.Y. May 3, 2012) (evaluating prejudice in the context

---

[3] Although it may be feasible to extend the discovery deadline, the Court does not believe an extension of the discovery deadline is necessary here. The parties are well aware that Judge Weinstein directed expedited discovery in this case. Nearly two months remain before discovery closes in this action. The Court urges the parties to work together to obtain the necessary medical records and to complete discovery by June 5, 2013 as scheduled.

of preclusion of an untimely expert report pursuant to Rule 37). Thus, the Court is not persuaded that withdrawal and amendment of plaintiffs' admissions would prejudice JetBlue in maintaining and defending this action.

## CONCLUSION

Accordingly, while plaintiffs failed to timely respond to the request to admit and to produce the required medical releases, the Court finds that JetBlue is not prejudiced. Therefore, plaintiffs' motion to withdraw and amend their admissions pursuant to Rule 36(b) is granted and plaintiffs' amended response to JetBlue's Request for Admission (ECF No. 54-1) is accepted. Should JetBlue not be able to obtain the medical records prior to plaintiffs' depositions despite its best efforts, JetBlue may seek leave to re-depose plaintiffs on the limited grounds of his/her medical treatment pursuant to Fed. R. Civ. P. 30(b).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 10, 2013
       Brooklyn, New York